**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Ronald D. Finley,

Plaintiff,

v.

Dick's Sporting Goods Health and Welfare Plan, et al.,

Defendants.

No. CV-19-01215-PHX-DWL

**ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference is set for **May 13, 2019, at 11:00 a.m.,** in Courtroom 601, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. In preparation for this Case Management Conference, **IT IS HEREBY ORDERED as follows**:

A. Rule 26(f) Meeting and Joint Case Management Report

The parties are directed to meet and confer at least 21 days before the Case Management Conference. At this meeting, the parties shall develop a Joint Case Management Report. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the Joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report. The parties must file the Joint Case Management Report with the Clerk at least seven days before the Case Management Conference.

The Joint Case Management Report shall contain the following information in

separately numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;

2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes);

3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;

4. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;

5. The names of any parties not subject to the Court's personal (or *in rem*) jurisdiction;

6. A description of the basis for the Court's subject matter jurisdiction (see the accompanying footnote), citing specific jurisdictional statutes;[1]

7. A short statement of the nature of the case (no more than 3 pages), including a description of each claim, defense, and affirmative defense;

8. A discussion of whether Plaintiff(s) is entitled to conduct discovery (including conflict-of-interest discovery) and, if so, the appropriate scope of discovery;

9. Proposed page limits for Plaintiff(s)' opening brief, Defendant(s)' response brief, and Plaintiff(s)' reply brief. (The parties should note that the Court does not permit the filing of a separate statement of facts.);

10. The prospects for settlement, including whether the case is suitable for

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their partners, owners, or members is a citizen. *See* 28 U.S.C. §1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") does not create diversity jurisdiction. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970).

reference to a United States Magistrate Judge for a settlement conference;

11. The status of any related cases pending before this or other courts;

12. Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind that civil cases should be resolved within 18 months of the filing of the complaint. 28 U.S.C. § 473(a)(2)(B). Once the dates have been set in the Case Management Order, the Court **will not** vary them without good cause, even if the parties would otherwise stipulate to do so. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension:

a. If there is a dispute as to the need for and/or scope of discovery, a deadline for Plaintiff(s) to submit a seven-page brief summarizing its position and a deadline for Defendant(s) to submit a seven-page response brief. (No relies may be filed.) These deadlines should be set as soon as practicable.

b. A deadline for any motion to supplement the administrative record. This deadline should occur well before Plaintiff(s)' opening brief is due.

c. A deadline for the completion of fact discovery, if applicable. This deadline should occur at least four months after the deadline for the submission of the parties' briefs concerning the need for and/or scope discovery (*see* subpart (a) above) so the parties have sufficient time to complete whatever discovery is authorized by the Court. Discovery requests must be served and depositions noticed sufficiently in advance of the discovery cutoff date to ensure reasonable completion by the deadline, including time to resolve further discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline;

d. A deadline for filing the administrative record;

e. Deadlines for submission of Plaintiff(s)' opening brief, Defendant(s)' response brief, and Plaintiff(s)' reply brief;

f. A date by which the parties shall have engaged in face-to-face good faith settlement talks;

g. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

C. <u>Rule 16 Case Management Conference and Order</u>

The Court directs counsel and any unrepresented parties to review Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference. Counsel who will be responsible for trial of the lawsuit for each party (and any party that is not represented by counsel) shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. Appearance shall be in person for all attorneys based in Maricopa County. Any attorneys (including those based outside of Maricopa County) who cannot be present in person must seek leave of the Court to appear telephonically at least three business days before the Case Management Conference. A continuance of the Case Management Conference will be granted only for good cause.

After the Case Management Conference, the Court will enter a Case Management Order. The Court fully intends to enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly.

**IT IS FURTHER ORDERED** that within 10 days, Plaintiff(s) must serve this Order on any Defendant that has not yet appeared or answered.

Dated this 1st day of April, 2019.

Dominic W. Lanza
United States District Judge