Erin Rose Ronstadt, SBN 028362
Clayton W. Richards, SBN 029054
OBER PEKAS RONSTADT, PLLC
3030 N. 3rd Street, Suite 1230
Phoenix AZ 85012
Phone: (602) 277-1745§
Fax: (602) 761-4443
erin@oberpekas.com
clayton@oberpekas.com

*Attorneys for Plaintiff*

Iwana Rademaekers, SBN Texas 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550, Suite 550, Dallas, TX 75254
Phone:(214) 564-9542
iwana@rademaekerslaw.com

*Attorneys for Defendant Liberty Life Assurance Company of Boston*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ronald Dewitt Finley,<br><br>Plaintiff,<br><br>v.<br><br>Dick's Sporting Goods Health and Welfare Plan, an ERISA benefit plan; Liberty Life Assurance Company of Boston, a plan fiduciary; and Dick's Sporting Goods, Inc., the plan administrator,<br><br>Defendants. | No. CV-19-1215-PHX-DWL<br><br>**JOINT CASE MANAGEMENT REPORT** |

In accordance with this Court's April 01, 2019 Order (Doc. 19), the parties conferred as required by Rule 26(f), *Federal Rules of Civil Procedure*, to develop a Joint Case Management Report, which is set forth below:

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

**1. THE PARTIES WHO ATTENDED THE RULE 26(F) MEETING AND ASSISTED IN DEVELOPING THE JOINT CASE MANAGEMENT REPORT**

Attorneys Erin Rose Ronstadt and Clayton W. Richards on behalf of Plaintiff Ronald Dewitt Finley ("Mr. Finley" or "Plaintiff").

Attorney Iwana Rademaekers on behalf of Defendant Liberty Life Assurance Company of Boston ("Liberty" or "Defendant").

**2. A LIST OF ALL PARTIES IN THE CASE, INCLUDING ANY PARENT CORPORATIONS OR ENTITIES (FOR RECUSAL PURPOSES)**

***Plaintiff:***

Mr. Finley.

***Defendant:***

Liberty.

**3. ANY PARTIES THAT HAVE NOT BEEN SERVED AND AN EXPLANATION OF WHY THEY HAVE NOT BEEN SERVED, AND ANY PARTIES THAT HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED**

None.

**4. A STATEMENT OF WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE TO AMEND PLEADINGS**

The parties do not anticipate adding parties or amending the pleadings.

**5. THE NAMES OF ANY PARTIES NOT SUBJECT TO THE COURT'S PERSONAL (OR IN REM) JURISDICTION**

None.

**6. A DESCRIPTION OF THE BASIS FOR THE COURT'S SUBJECT MATTER JURISDICTION**

This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1332, 2201-02 (declaratory judgments).

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

**7. A SHORT STATEMENT OF THE NATURE OF THE CASE (NO MORE THAN 3 PAGES), INCLUDING A DESCRIPTION OF EACH CLAIM, DEFENSE, AND AFFIRMATIVE DEFENSE**

This is an action regarding an adverse determination of long-term disability ("LTD") benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as well as a claim for breach of fiduciary duty under ERISA.

***Plaintiff:***

Mr. Finley worked for Dick's Sporting Goods, Inc. as a Store Manager until his last day of work, September 19, 2015, due to his disabling conditions. Mr. Finley applied for, and Liberty approved, his short-term disability ("STD") benefits from September 20, 2015 through March 20, 2016, the maximum STD benefit period. Liberty subsequently approved Mr. Finley's LTD benefits effective March 20, 2016. On August 23, 2017, Liberty terminated Mr. Finley's LTD benefits. Mr. Finley timely appealed Liberty's LTD termination, and on April 2, 2018, Liberty upheld its prior decision to terminate LTD benefits. Mr. Finley exhausted his administrative remedies and timely filed this lawsuit against Liberty, Dick's Sporting Goods, Inc. ("Dick's"), and Dick's Sporting Goods Health and Welfare Plan (the "Plan"). The parties stipulated to dismiss Dick's and the Plan pursuant to the March 29, 2019 Stipulation of Dismissal (Doc. 15). The Court granted the parties' Stipulation and, on April 1, 2019, issued an Order dismissing Dick's and the Plan (Doc. 18).

Accordingly, the case involves the following claims:

- Count I: Mr Finley claims LTD benefits under the terms of the Plan. *See* 29 U.S.C. § 1132(a)(1)(B).
- Count II: Mr Finley seeks equitable relief for breaches of fiduciary duty under 29 U.S.C. § 1132(a)(3), which includes injunctive relief and surcharge.

Liberty's wrongdoing is detailed in the Complaint (Doc. 1). Mr. Finley seeks past-due benefits under Count I against Liberty, including attorneys' fees, costs, and prejudgment interest. Under Count II, Mr. Finley seeks other equitable relief for breaches of fiduciary duty committed by Defendants. Under 29 U.S.C. § 1132(a)(3), this Court may enjoin any act or

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

practice that violates ERISA or the terms of the LTD Plan, as well as grant other appropriate equitable relief, provided that such relief is not recoverable under 29 U.S.C. § 1132(a)(1)(B). Based on the facts of this case, Mr. Finley has "other equitable relief" available to him in several forms, including but not limited to injunctive relief and surcharge, because the relief available under 29 U.S.C. § 1132(a)(1)(B) does not make Mr. Finley whole for his losses from Liberty's breaching conduct. *See McGlasson v. Long Term Disability Coverage for All Active Full-Time & Part-Time Employees*, 161 F. Supp. 3d 836 (D. Ariz. 2016) (citing *Braun v. USAA Group Disability Income*, No. 13-CV-01923, 2014 WL 3339795, at *3 (D. Ariz. July 8, 2014); *Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan*, No. 15-CV-01547, 2016 WL 107838, at *3-4 (D. Ariz. Jan. 11, 2016); *A.F. v. Providence Health Plan*, 157 F. Supp. 3d 899, No. 13-cv-00776, 2016 WL 81796 (D. Or. Jan. 7, 2016)); *Medeiros v. Wells Fargo & Co. Long Term Disability Plan*, No. CV-14-01129-PHX-JZB, 2014 U.S. Dist. LEXIS 166505 (D. Ariz. Dec. 1, 2014) (citing *Braun*, at *7-8).

***Defendants***:

Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), as pled in Count I of the Complaint, but Plaintiff has failed to state a claim against Liberty Life for breach of fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3), as pled in Count III of the Complaint. Moreover, some of the remedies sought in Count III are not available under ERISA. Liberty Life's determinations on Plaintiff's claims for benefits from the relevant plans were reasoned, based on substantial evidence, and correctly interpreted the relevant plan documents. Plaintiff received a full and fair review of her claims by Defendant, and that there is no evidence that so-called structural conflict affected the decisions, which were not arbitrary, capricious, or an abuse of discretion.

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

**8. A DISCUSSION OF WHETHER PLAINTIFF IS ENTITLED TO CONDUCT DISCOVERY (INCLUDING CONFLICT-OF-INTEREST DISCOVERY) AND, IF SO, THE APPROPRIATE SCOPE OF DISCOVERY**

***Plaintiff:***

According to the deadlines set forth below, Mr. Finley requests the opportunity to propose discovery. Discovery will be narrowly tailored and proposed pursuant to the scope of discovery under F.R.C.P. 26(b)(1).

With respect to his claim for benefits under § 1132(a)(1)(B), Mr. Finley is entitled to discovery, and the scope and purpose of discovery depends on the applicable standard of review. If the appropriate standard of review is abuse of discretion, then he is entitled to seek discovery if there is a conflict of interest that may have influenced Liberty's decision to terminate his disability claim. *See Metro Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). *Abatie* is clear that a district court may "consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie*, at 970. Courts in this district, including this one, have routinely allowed for discovery into the conflict. *See Mullin v. Scottsdale Health Corp. Long Term Disability Plan,* (D. Ariz. Jan. 28, 2016, No. CV-15-01547-PHX-DLR); *see also Wilcox v. Metro. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 2977 (D. Ariz. 2009). The Ninth Circuit has made clear that this Court should allow Plaintiff the right to conduct discovery into the conflict of interest; in fact, should Plaintiff fail to conduct discovery, he could be faulted for his failure to do so. *See Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 903, (9th Cir. Ariz. Aug. 26, 2016) ("Mr. Demer failed as well to develop more powerful evidence [through discovery] that could have established enhanced skepticism in reviewing MetLife's decision."). Once a plaintiff produces evidence that the conflict affected the decision, a rebuttable presumption arises in the plaintiff's favor and the plan bears the burden to prove the conflict had no effect. *Id.* at 902. Discovery is appropriate in this case.

Mr. Finley has separately pled claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), and the Ninth Circuit has made clear that he is entitled to discovery on these claims as well. *See, e.g., Guenther v. Lockheed Martin Corp.*, 646 F. App'x 567 (9th Cir. 2016)

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

(citations omitted). Mr. Finley's claims are separate and therefore require different discovery considerations but should not be bifurcated; bifurcation would waste judicial resources, result in considerable briefing, and unnecessarily delay the case, which would be inconsistent with Congress's goal of "ensuring fair and prompt enforcement of rights under a plan." *Conkright v. Frommert,* 559 U.S. 506, 517 (2010) (quoting *Aetna Health Inc. V. Davila,* 542 U.S. 200, 215 (2004)).

As to the scope of discovery, the extent of Mr. Finley's discovery will be limited to the conflict of interest and his claims for breach of fiduciary duty against Liberty as articulated in the Complaint. Mr. Finley requests to propound discovery in the form of interrogatories, requests for production, requests for admission, and depositions. Mr. Finley anticipates that, if depositions are needed, they will be conducted in Arizona and Massachusetts, depending on the location of Liberty's agents.

***Defendant:***

The "tiebreaker" language in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343 (2008) raises a significant question whether information or documents concerning conflict are relevant in a case such as this one in which the administrative record clearly supports Liberty Life's decisions on Plaintiff's claim. In *Glenn*, the Supreme Court has stated that several different factors, including the existence and extent of conflict, must be considered in reaching results in these cases, but that "any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Glenn*, 128 S.Ct. at 2351. Thus, when strong evidence supporting the administrator's decision exists, the conflict issue is not a factor for consideration. Additionally, that discovery in these cases must be limited is especially true when considering, as the Supreme Court recently commented on again after its holding in Glenn, that by enacting ERISA, Congress intended "to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." *Conkright v. Frommert*, 559 U.S. 506, 130 S.Ct.

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

1640, 1646 (2010), citing *Varity Corp. v. Howe*, 516 U.S. 489, 497, 116 S.Ct. 1065 (1996). Permitting discovery of the type and extent of that propounded by Plaintiff here clearly frustrates the Congressional intent of efficiency in the administration of claims under ERISA.

As to scope of discovery, Defendant opposes the service of notices for deposition until after written discovery is completed as unnecessarily duplicative and burdensome and states that if permitted, such depositions should be conducted via telephone or other remote means. Defendant reserves the right to object to Plaintiff's discovery requests to the extent that they violate the appropriate rules and legal standards.

**9. PROPOSED PAGE LIMITS FOR PLAINTIFF(S)' OPENING BRIEF, DEFENDANT(S)' RESPONSE BRIEF, AND PLAINTIFF(S)' REPLY BRIEF. (THE PARTIES SHOULD NOTE THAT THE COURT DOES NOT PERMIT THE FILING OF A SEPARATE STATEMENT OF FACTS.)**

a. Opening Brief: 25 pages

b. Response Brief: 25 pages

c. Reply Brief: 15 pages

**10. THE PROSPECTS FOR SETTLEMENT, INCLUDING WHETHER THE CASE IS SUITABLE FOR REFERENCE TO A UNITED STATES MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE**

The parties will engage in good faith face-to-face settlement discussions by no later than **Friday, August 17, 2019**. The parties agree that such efforts may be assisted by the utilization of a magistrate judge or private mediation.

**11. THE STATUS OF ANY RELATED CASES PENDING BEFORE THIS OR OTHER COURTS**

None.

**12. PROPOSED DEADLINES:**

a. If there is a dispute as to the need for and/or scope of discovery, a deadline for Plaintiff to submit a seven-page brief summarizing his position will be filed by: **Friday, June 15, 2019** and a deadline for Defendant to submit a seven-page response brief: **Friday, June 29, 2019**. No replies may be filed.

b. A deadline for any motion to supplement the administrative record: **Friday, December 14, 2019**.

c. A deadline for the completion of fact discovery, if applicable: **Friday, November 30, 2019**. Discovery requests must be served and depositions noticed by: **Friday, October 25, 2019**.

d. A deadline for filing the administrative record: **Friday, May 31, 2019**.

e. Deadlines for submission of Plaintiff's opening brief: **Friday, January 17, 2020**.; Defendant's response brief: **Friday, February 21, 2020**; and Plaintiff's reply brief: **Friday, March 13, 2019**.

f. A date by which the parties shall have engaged in face-to-face good faith settlement talks: **Friday, August 17, 2019**.

g. Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1: **None.**

RESPECTFULLY SUBMITTED this 1st day of May, 2019.

OBER PEKAS RONSTADT

By: *s/ Erin Rose Ronstadt*
Erin Rose Ronstadt
Clayton W. Richards
*Attorneys for Plaintiff*

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: *s/ Iwana Rademaekers*
Iwana Rademaekers
*Attorney for Defendant Liberty*

OBER PEKAS RONSTADT
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

**OBER PEKAS RONSTADT**
3030 North 3rd Street, Suite 1230
Phoenix, AZ 85012
(602) 277-1745

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2019, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Iwana Rademaekers, SBN Texas 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550, Suite 550, Dallas, TX 75254
Phone:(214) 564-9542
iwana@rademaekerslaw.com
*Attorney for Defendant Liberty*

*s/ Ashley Porter*