**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ronald D. Finley,

Plaintiff,

v.

Dick's Sporting Goods Health and Welfare Plan, et al.,

Defendants.

No. CV-19-01215-PHX-DWL

**CASE MANAGEMENT ORDER**

The Court enters the following Case Management Order to govern the litigation in this case:

1. MIDP: This case is exempt from the Mandatory Initial Discovery Pilot Project.

2. Deadline for Joinder, Amending Pleadings, and Filing Supplemental Pleadings. No motions to join parties, amending pleadings or filing supplemental pleadings shall be filed.

3. Federal Rule of Evidence 502(d) Non-Waiver Order. The Court orders that a communication or information covered by the attorney-client privilege or work-product protection that is disclosed in connection with the litigation pending before the Court does not waive the privilege or protection in this or any other federal or state proceeding. This provision does not require any party agreement, and it avoids the need to litigate whether an inadvertent production was reasonable. By reducing the risk of waiver, this Order affords parties the opportunity to reduce the cost of discovery by reducing preproduction privilege review.

4. Initial Briefs Regarding Discovery: If there is a dispute as to the need for and/or

scope of discovery, the deadline for Plaintiff(s) to submit a brief concerning its position shall be **June 15, 2019**. This brief may be no longer than seven pages long, must identify—with specificity—any interrogatories, document requests, requests for admission, and/or depositions that Plaintiff(s) would like to pursue, and must set forth any legal authority supporting Plaintiff(s)' position. The deadline for Defendant(s) to file a response, which may not exceed seven pages in length, shall be **June 29, 2019**. No replies may be filed.

5. Motions to Supplement the Administrative Record: Any motion to supplement the administrative record shall be filed by **December 14, 2019**.

6. No Experts: No expert reports may be filed.

7. Fact Discovery. If fact discovery is authorized by the Court or conducted via the joint agreement of the parties, the deadline for completion shall be **December 2, 2019**. To ensure compliance with this deadline, the following rules shall apply:

a. Depositions: All depositions shall be scheduled to start at least five working days before the discovery deadline. A deposition started five days before the deadline may continue up until the deadline, as necessary.

b. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the fact discovery deadline.

c. Notwithstanding Local Rule of Civil Procedure 7.3, the parties may mutually agree in writing, without Court approval, to extend the time for providing discovery in response to requests under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the deadlines set forth in this Order.

d. Notwithstanding any provisions of the Federal Rules of Civil Procedure, non-party witnesses shall **not** be permitted to attend (either physically, electronically, or otherwise) the deposition of any other witness in this case without an order of this Court to the contrary.

8. Discovery Disputes Following the Initial Submission of Briefs.

a. The parties shall not file written discovery motions without leave of the Court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party, and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the written submission, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

b. If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.

c. Absent extraordinary circumstances, the Court will not entertain discovery disputes after the deadline for completion of fact discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

9. Filing the Administrative Record. The deadline for filing the administrative record shall be **May 31, 2019**.

10. Dispositive Motions.

a. Plaintiff(s)' opening brief shall be filed no later than **January 17, 2020**. Defendant(s)' response brief shall be filed no later than **February 21, 2020**. Plaintiff(s)' reply shall be filed no later than **March 13, 2020**.

b. With respect to page limits, Plaintiff(s)' opening brief and Defendant(s)' response brief shall be no longer than **25 pages**, and Plaintiff(s)' reply shall be no longer than **15 pages**.

c. The parties may not file separate statements of facts or separate controverting

statements of facts, and instead must include all facts in the opening brief, response, or reply itself, supported by citations to the administrative record.

d. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court may decline the request and decide the motion without holding oral argument. If the request is granted, the Court will issue a minute entry informing the parties of the argument date and time.

11. Motions for Attorneys' Fees. All motions for an award of attorneys' fees shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its motion. A party opposing a motion for attorneys' fees shall email to the Court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable the Court to efficiently review the objections. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

12. Good Faith Settlement Talks. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **August 17, 2019**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such

talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The Court will set a settlement conference before a magistrate judge upon request of all parties. The parties are reminded that they are encouraged to discuss settlement at all times during the pendency of the litigation, but the Court will not extend the case management deadlines if and when the parties elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly. The parties shall promptly notify the Court if settlement is reached.

13. The Deadlines Are Real. The Court intends to enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly.

14. Briefing Requirements.

a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in text and footnotes.

b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

c. To ensure timely case processing, a party moving for an extension of time, enlargement of page limitations, leave to amend, or leave to file a document under seal shall indicate in the motion whether the non-movant opposes the request and intends to file a written response. If such a motion does not so indicate, it may be denied for failure to comply with this Order.

15. Dismissal for Failure to Meet Deadlines. The parties are warned that failure to meet any of the deadlines in this Order or in the Federal or Local Rules of Civil Procedure without substantial justification may result in sanctions, including dismissal of the action or entry of default.

16. Requirement for Paper Courtesy Copies. A paper courtesy copy of dispositive motions and any responses or replies thereto shall be either postmarked and mailed to the judge or hand-delivered *to the judge's mail box* located in the courthouse by the next business day after the electronic filing. Please do not attempt to deliver documents to the

Judge's chambers. A copy of the face page of the Notice of Electronic Filing shall be appended to the last page of the courtesy copy. Courtesy copies of documents too large for stapling must be bound with a metal prong fastener at the top center of the document or submitted in three-ring binders.

Dated this 10th day of May, 2019.

Dominic W. Lanza
United States District Judge