Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

MR. RONALD FINLEY

EXHIBIT

2

Liberty Mutual INSURANCE

Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-3598

April 2, 2018

Mr. Ronald D. Finley

RE: Long Term Disability (LTD) Benefits
Dick's Sporting Goods, Inc.
Claim #: 5616243

Dear Mr. Ronald Finley:

We are writing in regards to your appeal request for Long Term Disability (LTD) Benefits under the Dick's Sporting Goods, Inc.'s Long Term Disability Policy.

We have reviewed your appeal and we are maintaining the decision to deny your claim for LTD benefits beyond August 24, 2017.

**Initial Claim Decision**

Your last day of work at Dick's Sporting Goods, Inc. occurred on September 19, 2015 and you submitted a disability claim for herpes zoster (shingles) with a date of disability on September 20, 2015. Benefits began on March 20, 2016, after satisfying the 182-day elimination period and were approved through August 24, 2017. Ongoing benefits were denied as the evaluation concluded that you were no longer disabled as defined by the Dick's Sporting Goods, Inc.'s Long Term Disability Policy.

The basis for the denial determination was outlined in our letter to you dated August 23, 2017. This letter provided you with an opportunity to request appeal review of the denial determination, stating the reasons why you felt that your claim should not have been denied, and you were provided the opportunity to submit additional medical information in support of your claim for disability benefits. Specifically, you were advised to submit the following information:

> *In your request for review please include the following documentation: All office treatment notes, diagnostic test results, procedure reports, and pharmacy records from June 2017 through the present date, from Dr. Gitt, Dr. Patton, or any other treating providers. You should also provide any additional information that you feel will support your claim.*

**Appeal**

You appealed the LTD claim denial in a letter dated February 18, 2018, wherein you reported that you were diagnosed with shingles with complication of post herpetic neuralgia and trigeminal neuralgia on September 15, 2015. You reported that you continue to suffer from extensive debilitating shocking nerve pain on the right side of your face, ear, and eye that radiates through your teeth, and upper and lower quadrants of your mouth. Per your report these episodes can occur seven to ten times per day at varying duration. You also suffer from ringing in your ears, dizziness, and vertigo which limits your walking and ability to drive due to safety concerns. Your conditions impact your concentration and have rendered you incapaciatated.

In support of your claim, you submitted the following information:

- Copies of your medical records from Albert Klaskis, MD, dated December 1, 2015 through February 7, 2018.
- Copies of your medical records from Andrea Patton, MD/ HonorHealth Medical Group dated September 22, 2015 through January 24, 2018.

**Appeal Evaluation**

During the claim evaluation a thorough review of your file was completed by a consulting physician Board Certified in Neurology, to clarify the severity of your condition and current impairments that would preclude you from full-time employment.

In the report dated August 4, 2017, Dr. David Hoenig confirmed that the diagnosis supported by the medical evidence is trigeminal neuralgia. Based on the medical documentation, and from a neurological perspective only, you have a diagnosis of trigeminal neuralgia, but there are no restrictions and limitations.

It was acknowledged that you developed trigeminal neuralgia after having shingles; however, neurological examination was normal. MRI of the brain was negative for any trigeminal nerve pathology. There was documentation that the use of Trileptal is beneficial.

Dr. Hoenig attempted to reach Dr. Gitt regarding your disability on July 27, 2017, July 31, 2017, and August 1, 2017, but did not receive a return telephone call.

To afford your claim every consideration, we sent a copy of Dr. Hoenig's August 4, 2017 peer review report to Dr. Gitt to review and provide any comments he wished to have considered. We also asked Dr. Gitt that if he disagreed with Dr. Hoenig's reports, to detail the specific areas with which he disagreed with and to provide medical documentation to support his position no later than August 17, 2017. To date, we have not received a response from Dr. Gitt.

To provide a full and fair review of your appeal, your claim was reviewed by a consulting physician Board Certified in Neurology, who was not previously involved with your claim. In the report dated March 23, 2018, the Reviewing Neurologist confirmed that the presenting symptoms and findings meet the diagnostic criteria for postherpetic neuralgia after a herpes zoster infection. The rash and acute infection resolved with treatment using ibuprofen, methylprednisolone, and famcyclovir in September 2015. However, you later reported paroxysmal intermittent attacks of severe intense pain that was hot and burning with the sensation of spiders crawling on your face in the areas of V2 and

V3, and deep burning ear pain. This description does suggest neuropathic pain with the paroxysmal burning sensation. Triggers were not identified. You also reported tinnitus, dizziness, and vertigo which resolved. Your neurologic exam was normal. You were on intermittent opioids, tramadol, and ibuprofen. You were also started on Gabapentin 300 mg TID and were 30% improved. This was only increased as high as 400 tid (still a very low dose) and stopped for sedation. You also had dental complications with a tooth abscess thought to be related to the herpes zoster, which was successfully treated surgically around November 2015 (documentation was not available for review). Your dental and ear pain resolved a few months later. You tried Zonogran, Tegretol, and Trileptal.

The Reviewing Neurologist noted that impairment is based on your self-reported right face pain but the evidence does not support that your pain rises to the level that would prevent full time sustained work capacity. You responded to treatment with neuropathic agents with marked reduction in symptoms. Prior reports indicated Dr. Klaski endorsed a return to work as of July 5, 2016. It remains unclear from documentation what prevented return to work as of August 24, 2017, almost two years post onset. The Reviewing Neurologist confirmed that the evidence does not support any change in treatment since at least June 26, 2017. You were referred for a tertiary care assessment but the evidence does not support that you followed through with this recommendation. The evidence also does not support restrictions and limitations on a neurologic basis that would prevent full time sustained work capacity.

Any restrictions and limitations would depend upon the presence of sufficiently frequent and severe symptoms along with corroborating medical evidence (i.e. physical examinations, diagnostic test results, etc.). The available medical information does not document sufficient findings that would support the need for occupational restrictions and limitations beyond August 24, 2017. Despite ongoing self-reported complaints, occupational restrictions and limitations are not supported by the available information.

Our role in reviewing your file is to determine whether or not your medical condition and the medical documentation contained in your file supports that you are unable to perform the material and substantial duties of your own occupation. We are not required to ensure the availability of your own occupation or that you return to active employment with Dick's Sporting Goods, Inc. in the same or alternative position.

**Conclusion**

We conducted a thorough and independent review of your entire claim. In summary, we acknowledge that you may continue to experience some symptoms associated with your condition. However, the available information does not contain physical examinations, diagnostic test results, or other forms of medical documentation to support that your symptoms are of such severity, frequency, and duration that they resulted in restrictions or limitations rendering you unable to perform the material and substantial duties of your own occupation beyond August 24, 2017.

Having carefully considered all of the information submitted in support of your claim, our position remains that based on the medical information contained in your file you do not meet the definition of total disability under the terms of Dick's Sporting Goods, Inc.'s Long Term Disability Policy and we are maintaining the decision to deny your claim for LTD benefits beyond August 24, 2017.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

In order to receive benefits, you must satisfy the requirements of all Policy provisions that state, in part:

> *"**Disability**" or "**Disabled**", with respect to Long Term Disability, means:*
> 1. *For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
>    i. *that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
>    ii. *thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*
>
> *"**Material and Substantial Duties**", with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*
>
> *"**Own Occupation**", with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Liberty Life Assurance Company of Boston (Liberty), and to submit any additional information you wished to be considered as part of the appeal. Liberty has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Liberty and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to the claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

Nothing in this letter should be construed as a waiver of any Liberty Life Assurance Company of Boston rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Liberty Life Assurance Company of Boston are based on the provisions outlined in Dick's Sporting Goods, Inc.'s Long Term Disability Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.

If you require language translation assistance, please contact Liberty Life to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bąąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Janelle Paine
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 41495
Secure Fax No.: (603) 334-3598